UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DERRICK STEWART,

    Petitioner,

vs.                                       Case No. 5:11-cv-98-Oc-29SPC

WARDEN, FCC COLEMAN-LOW,

    Respondent.
_____

**ORDER OF DISMISSAL**

    This matter comes before the Court upon review of the file. Derrick Stewart, a pro se petitioner, initiated this action while incarcerated at FCC Coleman, located in Coleman, Florida, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition), under the savings clause of 28 U.S.C. § 2255. See generally Petition. Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Jurisdiction (Doc. #6, Motion). Petitioner filed a Reply (Doc. #7, Reply). For the reasons herein, the Court finds the Respondent's Motion should be granted and the Petition should be dismissed.

**I. Background**

    On April 21, 1999, Petitioner was indited in the Northern District of Florida and charged with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841 and § 846. United States v. Steward, Case No. 3:99-cr-22-LC-MD-1 (N.D.

Fla. 1999). On May 26, 1999, the government filed an information pursuant to 21 U.S.C. § 851, noticing its intent to seek enhanced penalties against Petitioner based on his prior convictions. Id. at Doc. #18. After the trial concluded, the jury returned a guilty verdict. Id. at Doc. #23. On September 28, 1999, the District Court sentenced Petitioner to a 364-month term of imprisonment. Id. at Docs. #43, #45. Petitioner appealed (Doc. #44), and the appellate court affirmed (Doc. #65).

On May 21, 2001, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of counsel. Id., Docs. #67, #69. The court denied the motion, and Petitioner appealed. Id., Docs. #77, #79, #80, #81. The appeal was dismissed on September 23, 2002. On December 18, 2008, Petitioner filed a motion for retroactive application of sentencing guidelines to crack cocaine pursuant to 18 U.S.C. § 3582. Id., Docs. #102, #107, #110. The court denied the motion, and Petitioner appealed. Doc. #104, #109, #112, #113, #130. The appeal was dismissed.

In the instant Petition, Petitioner alleges that his 1999 federal conviction and sentence are now "unlawful" based on the Supreme Court decisions in Carachuri-Rosendo v. Holder, ____ U.S. ____, 130 S. Ct. 2577 (2010), United States v. O'Brien, ____ U.S. ____, 130 S. Ct. 2169 (2010), and also the Eleventh Circuit decision in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999). Id.

at 1. Specifically, Petitioner claims that the validity of the enhancements to his sentence have been undermined by Carachuri-Rosendo and O'Brien. Petition at 1; see also Reply. In particular, Petitioner claims that a prior Florida felony conviction for a drug offense should not have been considered to enhance his sentence. Petition at 4. Petitioner also argues that his sentence was improperly enhanced by a drug quantity determined by the sentencing judge and not submitted to the jury for a factual finding. Id. at 6.

## II. Discussion

The instant Petition was filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence. Here, however, Petitioner challenges the validity of his sentence because he claims his sentence was "improperly enhanced." Thus, the Court must first determine whether Petitioner is entitled to relief under § 2241.

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(per curiam). As Petitioner has previously filed a § 2255 motion, "he must apply for and receive permission [from the appropriate appellate court] before filing a successive § 2255 motion." Id. at 945; see also 28 U.S.C. § 2255(h), § 2244(b)(3)(A). Additionally, § 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f).

Petitioner has attempted to avoid these requirements by filing a Petition under § 2241. However, a federal prisoner may only file a § 2241 petition for the type of relief sought here upon a showing "that the remedy by [a § 2255] motion is inadequate of ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999)(emphasis in original)(quoting § 2255); see also § 2255(e). According to Eleventh Circuit precedent, the circumstances under which a federal prisoner may invoke relief pursuant to § 2241 are limited to specific instances set forth in the "savings clause" of § 2255. Wofford, 177 F.3d at 1245. A prisoner may not use the savings clause simply to circumvent the restrictions on filing second or successive motions. Id. Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised.

Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)(quoting Wofford, 177 F.3d at 1244). "To prove an offense is non-existent, a petitioner must show he was he was imprisoned for conduct that was not prohibited." Id. (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003). Once the "savings clause" of § 2255 applies to open a portal to a § 2241 proceeding, the proper inquiry in that § 2241 action will be whether the petitioner can establish actual innocence of the crime for which he has been convicted. Wofford,

-4-

177 F.3d at 1244, n. 3. Furthermore, it is important to note that actual innocence means factual innocence, not mere legal insufficiency. Sawyer, 326 F.3d at 1366.

Here, Petitioner is not entitled to relief because he has not satisfied the three elements, set forth in Wofford, which must all be met before the savings clause of § 2255 can open the portal to § 2241 relief. Although Petitioner cites to two United States Supreme Court cases, Carachuri-Rosendo and Obrien, the Court finds that these cases are inapposite. Petitioner was convicted by the jury of conspiracy to possess with intent to distribute cocaine. Petitioner's sentence was enhanced by at least two factors: a prior drug conviction and the quantity of cocaine in his possession in the instant conviction.

The Carachuri-Rosendo decision involved removal proceedings under the Immigration and Nationality Act. See generally Carachuri, 130 S. Ct. at 2580-82. The Supreme Court's holding in Carachuri, with respect to the removal proceedings, was that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act," 18 U.S.C. 924(c)(2)." Id. at 2589. Accordingly, the Carachuri case does not change any sentencing enhancement Petitioner received during sentencing.

In O'Brien, the Supreme Court held that, for purposes of mandatory minimum sentencing under 18 U.S.C. § 924(c)(1)(B)(ii), the use of a machine gun in a crime is an element to be proved to a jury beyond a reasonable doubt, not a sentencing factor to be proved to the judge at sentencing. O'Brien, 130 S. Ct. at 2180. Petitioner suggests, based on O'Brien, that the quantity of cocaine in his possession should have been a question for the jury. Petitioner, however, points to no case law stating that the quantity of drugs for which he stands convicted is a question for the jury. And, the Court finds the O'Brien case inapplicable to Petitioner's case.

Even if Carachuri-Rosendo and O'Brien cases were applicable to Petitioner's situation, Petitioner points to no case law that establishes that these cases should be applied retroactively, which is the first, requisite element to open the portal. Nor is the Court aware of any such precedent. To the contrary, there is case law finding that these cases are not retroactive. See Navarro v. United States, Case No. 8:11-cv-1152-T-24MAP, 2011 WL 2562480 *2 (M.D. Fla. June 28, 2011)(finding O'Brien does not apply retroactively)(citing United States v. Smith, 1:90-CR-01036-MP-CRJ, 2011 WL 2006342 (N.D. Fla. May 23, 2011); Oharo v. Wells, CV 310-086, 2010 WL 5625387 (S.D. Ga. Jan. 19, 2011)); see also Daniel v. Hayes, Case No. CV210-118, 2011 WL 3444337, *3-*4 (S.D. Ga. July 6, 2011)(dismissing § 2241 petition raising claim under Carachuri-

Rosendo for failure to satisfy Wofford requirements). "A new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." Navarro, 2011 WL 2562480 *2 (citing Tyler v. Cain, 533 U.S. 656, 663 (2001)).

Nor can Petitioner meet the second, requisite element in Wofford to open the portal under § 2255 in order to obtain § 2241 relief. In other words, Petitioner does not argue that he has been convicted of a "non-existent offense." Petitioner does not challenge his 1999 conviction. Instead, Petitioner argues that he is "actually innocent," not of the federal crimes for which the jury found him guilty, but of the enhancements to his sentence. See Petition. Therefore, Petitioner also does not satisfy the second prong of Wofford.

In sum, because Petitioner cannot satisfy the three-prong test set forth in Wofford, the savings clause does not apply. Thus, Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition, but Petitioner has previously filed a § 2255 petition. Therefore, the instant action is a successive petition and this Court is without jurisdiction. Consequently, the instant Petition must be dismissed.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. #6) is **GRANTED.**

Rosendo for failure to satisfy Wofford requirements). "A new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." Navarro, 2011 WL 2562480 *2 (citing Tyler v. Cain, 533 U.S. 656, 663 (2001)).

Nor can Petitioner meet the second, requisite element in Wofford to open the portal under § 2255 in order to obtain § 2241 relief. In other words, Petitioner does not argue that he has been convicted of a "non-existent offense." Petitioner does not challenge his 1999 conviction. Instead, Petitioner argues that he is "actually innocent," not of the federal crimes for which the jury found him guilty, but of the enhancements to his sentence. See Petition. Therefore, Petitioner also does not satisfy the second prong of Wofford.

In sum, because Petitioner cannot satisfy the three-prong test set forth in Wofford, the savings clause does not apply. Thus, Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition, but Petitioner has previously filed a § 2255 petition. Therefore, the instant action is a successive petition and this Court is without jurisdiction. Consequently, the instant Petition must be dismissed.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. #6) is **GRANTED.**

2. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** with prejudice for the reasons set forth herein.

3. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 129 S. Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __30th__ day of November, 2011.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record