UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DERRICK STEWART,

                Petitioner,

vs.                              Case No. 5:11-cv-98-Oc-29SPC

WARDEN, FCC COLEMAN-LOW,

                Respondent.
_____

**ORDER**

This matter comes before the Court upon review of Petitioner's motion for reconsideration (Doc. #11), filed on January 5, 2012. Petitioner states that he files the motion pursuant to Fed. R. Civ. P. 59(e) seeking reconsideration of the Court's November 30, 2011 Order (Doc. #9, Order) dismissing Petitioner's § 2241 Petition.

Rule 59(e) affords the Court substantial discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000). "The only grounds for granting a rule 59 motion are newly discovered evidence or manifest error of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)(citations omitted). A Rule 59 motion is not intended as a vehicle to re-litigate old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment. Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Although Petitioner states he files the instant Motion pursuant to Rule 59, the Motion was filed

in excess of the twenty-eight day time limitation. Thus, the Court will consider Plaintiff's Motion as brought pursuant to Federal Rules of Civil Procedure 60(b). Mays v. U.S. Postal Serv., 122 F. 3d 43, 46 (11th Cir. 1997)("A post-judgment motion may be treated as made pursuant to either Fed. R. Civ. P. 59 or 60 -regardless of how the motion is styled by the movant-depending on the type of relief sought."). See also Mahone v. Ray, 326 F.3d 1176, 1178, n.1 (11th Cir. 2003). The purpose of Rule 60(b), Fed. R. Civ. P., is to define the circumstances under which a party may obtain relief from a final judgment or order. "Motions under this rule are directed to the sound discretion of the [ ] court." Id.; United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1318 (11th Cir. 1997).

The Court dismissed Petitioner's Petition finding that Petitioner had already filed a § 2255 Petition challenging his conviction of conspiracy to possess with intent to distribute cocaine and he did not satisfy the savings clause to open a portal to a § 2241 proceeding. See generally Doc. #9. In particular, Petitioner filed the § 2241 Petition challenging the validity of the enhancements[1] to his sentence based on Carachuri-Rosendo, ____ U.S. ____, 130 S. Ct. 2577 (2010) and United States v. Obrien, ___ U.S. ____, 130 S. Ct. 2169 (2010). In denying the Petition, the

---

[1] Petitioner's sentence was enhanced by at least two factors: a prior drug conviction and the quantity of cocaine in his possession.

Court found that Carachuri-Rosendo and Obrien were inapposite to Petitioner's case. The Court further found that even if Carachuri-Rosendo and Obrien applied to Petitioner's case, Petitioner pointed to no case law to establish that these cases should apply retroactively. In the instant Motion, Petitioner mostly repeats the grounds he raised in his *pro se* Petition and for the first time points to cases that he believes supports the retroactive application of Carachuri-Rosendo and Obrien. Upon review, the Court finds that Petitioner has not demonstrated grounds for the Court to alter or amend its November 30 Order.

ACCORDINGLY, it is hereby

**ORDERED:**

Petitioner's motion for reconsideration (Doc. #11) is **DENIED.**

**DONE AND ORDERED** in Fort Myers, Florida, on this ___9th___ day of January, 2012.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record